FILED
SEP 22 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO AYALA, | No. C 10-0979 JSW (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION FOR SUMMARY JUDGMENT; REFERRAL FOR MEDIATION** |
| v. | |
| ROBERT AYERS, JR., et al., | |
| Defendants. | (Docket No. 12) |

This is a pro se section 1983 civil rights action filed by a prisoner at San Quentin State Prison. Defendants have moved to dismiss and for summary judgment. Despite having been granted an extension of time and the Court having allowed Plaintiff considerable additional time beyond that, Plaintiff has not opposed the motion.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

1 *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

## II. Analysis

In its order of service the Court dismissed some claims and defendants and allowed these claims to proceed: (1) an excessive force claim against defendants Faria, Wagner, Guthrie, and Schlosser, (2) an equal protection claim that these defendants beat him because he is of Hispanic decent; (3) a claim that Edmunds and Hansen were deliberately indifferent to a serious medical need; and (4) a due process claim against defendant Coleman involving a disciplinary hearing. Defendants Faria, Wagner, Guthrie, and Schlosser and Hansen contend that the claims against them – numbers one, two, and three in the list above – must be dismissed as barred by the statue of limitations, and defendant Colemen contends that he is entitled to summary judgment on the due process claim, claim four.

### A. Statute of Limitations

Plaintiff's first three claims arose on March 26, 2007, the date he alleges he was beaten and denied medical care. The complaint in this case was filed on March 8, 2010. It is dated February 25, 2010. Movants contend that the complaint was filed one day late, even after tolling for the time Plaintiff was exhausting administrative remedies.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the applicable limitations period is the two-year period set forth at section 335.1 of the California Civil Procedure Code. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

Although the complaint here was not filed within two years of accrual of the claim, a provision of California law provides tolling for imprisonment. California Civil

1  Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the
2  statute of limitations when a person is "imprisoned on a criminal charge, or in execution
3  under the sentence of a criminal court for a term of less than for life." *See* Cal. Civ. Proc.
4  Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment
5  delays the accrual of the cause of action for a maximum of two years. *See id.* Thus, an
6  inmate who is entitled to section 352.1 tolling has four years to bring a section 1983 claim
7  for damages in California, i.e., the regular two year period under section 335.1 plus two
8  years during which accrual was postponed due to the disability of imprisonment.

       Here, Plaintiff has been sentenced to death, so it would seem that he would not be entitled to section 352.1 tolling. But although when read literally section 352.1 tolls the statute of limitations only for persons who are serving terms of imprisonment less than for life, California has held that a prisoner serving a life sentence is entitled to the tolling benefit of section 352.1. *See Grasso v. McDonough Power Equip.*, 264 Cal. App. 2d 597, 601 (1968). "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." *Jones v. Blanas*, 393 F.3d 918, 928 n. 5 (9th Cir.2004) (citing *Grasso*, 264 Cal.App. 2d at 70); *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir.1998). Because Plaintiff has been sentenced to death, the sentence necessarily includes the element of being incarcerated for life. He therefore is entitled to tolling.

       When the two-year tolling period of section 352.1 is added to the two-year limitations period, it is clear that the complaint here – filed about three years after accrual – is not barred. The motion to dismiss will be denied.

### B.    Summary Judgment

       Plaintiff alleges that defendant Coleman was the hearing officer for a rules violation report he received. Coleman has moved for summary judgment.

       The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed

3

motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers here are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. The motion for summary judgment will be granted.

## CONCLUSION

1. The motion to dismiss by defendants Faria, Wagner, Guthrie, and Schlosser and Hansen (document No. 12) is DENIED. The motion for summary judgment by defendant Coleman (document 12) is GRANTED.

2. Defendant J. Edmonds has not been served. The summons addressed to him was returned with the notation that no one by that name works at San Quentin or "anywhere in CDC." Plaintiff shall provide an address for service of Edmonds within thirty days. If he does not, the claims against Edmonds will be dismissed.

3. This case is REFERRED to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this case except those related to the mediation and matters related to the service of Edmonds are STAYED pending completion of that procedure.

The mediation proceedings shall take place as Judge Vadas' schedule allows. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

1  The Clerk shall mail a copy of this order to Magistrate Judge Nandor Vadas in
2  Eureka, California.
3  **IT IS SO ORDERED.**
4  DATED: SEP 2 2 2011

   JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\JSW\CR.10\Ayala0979.MSJ.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REYNALDO AYALA,

    Plaintiff,

v.

ROBERT AYERS JR et al,

    Defendant.

Case Number: CV10-00979 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reynaldo Ayala
E10000
San Quentin State Prison
San Quentin, CA 94974

Dated: September 22, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk