UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO AYALA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT AYERS, JR., et al.,<br><br>    Defendants.<br>_____ | No. C 10-0979 JSW (PR)<br><br>**ORDER REFERRING CASE TO FEDERAL PRO BONO PROJECT; DENYING MOTION FOR INTERLOCUTORY APPEAL**<br><br>(Docket Nos. 33, 35) |

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. On September 22, 2011, the Court denied the motion to dismiss filed by Defendants Faria, Wagner, Guthrie, Schlosser, and Hansen, granted the motion for summary judgment of Defendant Coleman, and referred the case to Magistrate Judge Nandor Vadas for mediation. One Defendant, Edmonds, had not been served; Plaintiff was given thirty days to provide an address at which he could be served. All proceedings in the case except those related to the mediation and matters related to the service of Edmonds were stayed pending mediation. A motion for leave to file a motion to reconsider filed by Defendants was subsequently denied as being in violation of the stay. Judge Vadas then reported that the case did not settle. The Court lifted the stay, and because Plaintiff had not provided an address for Edmonds; the claims against him were dismissed.

    Defendants renewed their motion to reconsider, specifically to reconsider the Court's rejection of their contention that Plaintiff's claims against them were filed one day too late. The gist of their motion was that the Court erred in ruling that Plaintiff is

entitled to two years of tolling under California Civil Procedure Code Section 352.1 based upon his imprisonment. The Court denied the motion for reconsideration because Defendants did not meet the requirements of the local rule for obtaining leave to file such a motion, they did not contend that there were matters of law or fact that they failed to present to the Court at the time the motion to dismiss was submitted, that new facts have emerged or the law has changed, or that the Court failed to consider material facts that were presented to it. *See* Civil L.R. 7-9(b).

Defendants have filed a motion for certification for an interlocutory appeal of the order denying their motion to dismiss. Plaintiff has filed a motion for appointment of counsel.

1. <u>Interlocutory Appeal</u>

This Court may certify an order for interlocutory appeal if: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Defendants do not show that there is a substantial ground for a difference of opinion on the controlling question of law -- whether Plaintiff is entitled to tolling under Section 352.1. Defendants repeat the argument that they made in their motion for reconsideration that the Court erred in ruling that Section 352.1 applies to an inmate, such as Plaintiff, who is in prison for life. The Ninth Circuit has found that "[t]he California courts have read out of the [Section 352.1] the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." *Jones v. Blanas*, 393 F.3d 918, 928 n. 5 (9th Cir.2004) (citing *Grasso v. McDonough Power Equip.*, 264 Cal. App. 2d 597 (1968), and *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir.1998)). This Court relied upon and cited the foregoing interpretation of California law in ruling that Plaintiff is entitled to tolling under Section 352.1. While Defendants argue that the interpretation is incorrect, they do not address or acknowledge *Jones,* nor do they explain why that decision by the Ninth Circuit is not binding on this Court. This Court is plainly not free to ignore or overrule an

2

interpretation of law by the Ninth Circuit, as Defendants would have this Court do, and consequently there is no substantial room for a difference of opinion on the question of law that this Court must decide.

Accordingly, the motion for certification for an interlocutory appeal is DENIED.

2. Appointment of Counsel

As noted, Defendants' dispositive motions were denied, and the parties did not reach a settlement at the mediation proceedings. Plaintiff has requested and is in need of counsel to assist him in this matter as it proceeds to trial, and good and just cause appearing,

IT IS ORDERED that Plaintiff shall be referred to the Federal Pro Bono Project in the manner set forth below:

(1) The Clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, and (c) a copy of the operative complaint and relevant Court orders.

(2) Upon an attorney being located to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court.

(3) All proceedings in this action are STAYED until four weeks from the date an attorney is appointed to represent Plaintiff in this action.

This order terminates docket numbers 33 and 35.

**IT IS SO ORDERED.**

DATED: March 22, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\JSWALL\Pro-Se Prisoner\2010\Ayala0979.REF.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REYNALDO AYALA,

    Plaintiff,

  v.

ROBERT AYERS JR et al,

    Defendant.

Case Number: CV10-00979 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reynaldo Ayala
E10000
San Quentin State Prison
San Quentin, CA 94974

Dated: March 22, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk