IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REYNALDO AYALA,

    Plaintiff,

v.

ROBERT AYERS, JR, ET AL.,

    Defendants.

No. C 10-00979 JSW

**ORDER DENYING EDMONDS' MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Defendant Jeffrey Edmonds, LVN ("Edmonds"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and as time-barred under the statute of limitations.[1] The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 14, 2012 is HEREBY VACATED.[2] Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES Edmonds' motion to dismiss.

**BACKGROUND**

Plaintiff Reynaldo Ayala, a state prisoner housed at San Quentin State Prison, filed a claim alleging a single cause of action for deliberate indifference to serious medical need, in violation of his Eighth Amendment rights, against Edmonds, a nurse at the prison's Adjustment

---

[1] It appears from Defendant Edmonds' reply that he has correctly abandoned the argument which has been already rejected by the Court that Plaintiff's claims are time-barred. *See* Cal. Civ. Proc. Code § 352.1(a).

[2] As the hearing on the motion is vacated, the motion to appear by telephone is moot.

1  Center. In his second amended complaint, Plaintiff alleges that, after he was beaten by co-
2  defendant Correctional Officers, Nurse Edmonds, without performing a medical examination
3  but instead examining him from several feet away through a transparent wall of a holding cage,
4  declared Plaintiff medically cleared. (Second Amended Complaint, ¶¶ 20, 21, 38-40.) Plaintiff
5  alleges that he was visibly bleeding from the head and was bruised. (*Id*. at ¶ 20.) Plaintiff
6  alleges that he reported that his face and ribs hurt, that his head ached, and that he felt dazed
7  and disoriented. (*Id.*) Plaintiff further alleges that Edmonds cleared him medically "at the
8  behest of and with the encouragement of" his co-defendant Officers, "who were aware that
9  Plaintiff was in need of medical treatment." (*Id.*) Plaintiff further alleges that he was not
10 referred to a doctor or other medical professional for treatment of his injuries. (*Id.*) Lastly,
11 Plaintiff alleges that Edmonds "acted with deliberate indifference to Plaintiff's serious medical
12 needs by a doctor despite observing Plaintiff's visible head wounds, and despite Plaintiff's
13 statement that he felt dazed and was suffering from pain in his head, face, and ribs." (*Id.* at ¶
14 40.) After Plaintiff continued to experience pain from the alleged assaults, he was finally
15 permitted to see the Adjustment Center unit doctor over a week after Plaintiff initially sustained
16 his injuries. The doctor prescribed Norco for Plaintiff's continued pain. (*Id.* at ¶ 24.)

17  Edmonds moves to dismiss the single claim against him pursuant to 42 U.S.C. § 1983
18 for deliberate indifference to a prisoner's serious medical need in violation of the Eighth
19 Amendment.

**ANALYSIS**

**A.  Standard on Motion to Dismiss.**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal upon the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). A district court should grant a motion to dismiss if the plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

2

detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level ..." *Twombly*, 550 U.S. at 556 (citations omitted). In addition, the pleading must not merely allege conduct that is conceivable, but it must also be plausible. *Id.* at 570.

### B. Deliberate Indifference to Serious Medical Need.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. Neither a finding that a defendant's actions are egregious nor that they resulted in significant injury to a prisoner is required to establish a violation of the prisoner's federal constitutional rights. *Id.* at 1060, 1061 (citing *Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992)). Deliberate indifference may be shown where access to medical staff is meaningless as the staff is not competent and does not render competent care. *See Lolli v. County of Orange*, 351 F.3d 410, 420-21 (9th Cir. 2003).

In this case, at this procedural posture and viewed in the light most favorable to Plaintiff, Plaintiff has alleged sufficient facts to give fair notice of his claim against Edmonds for deliberate indifference to his medical needs. Plaintiff alleges facts indicating that he

suffered injuries creating an inference of serious medical condition that could result in further significant injury and sufficient facts indicating the defendant's response manifested deliberate indifference to the need.  *See, e.g., Jett v. Penner*, 439 F.3d 1091, 1096-97 (9th Cir. 2006); *see also Hunt v. Dental Department*, 865 F.2d 198, 200 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Edmonds' motion to dismiss.

**IT IS SO ORDERED.**

Dated:  October 2, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4